1  H. Tim Hoffman (SBN 049141)
   Arthur W. Lazear (SBN 083603)
2  Chad A. Saunders (SBN 257810)
   **HOFFMAN & LAZEAR**
3  180 Grand Avenue, Suite 1550
   Oakland, California 94612
4  Tel:(510)763-5700
   Fax:(510)835-1311
5  Email: cas@hoffmanandlazear.com

6  Newman Strawbridge, SBN 171360
   **LAW OFFICE OF NEWMAN STRAWBRIDGE**
7  719 Orchard Street
   Santa Rosa, CA 95404
8  Telephone:    (707) 523-3377

9  Attorneys for Plaintiff

10           **UNITED STATES DISTRICT COURT**

11          **CENTRAL DISTRICT OF CALIFORNIA**

12

13  LOURDES R. LANDEROS, individually        Case No. **CV11-01635** JSL ( PJWx)
    and on behalf of all others similarly
14  situated,                                **CLASS ACTION COMPLAINT**

15                                           [JURY TRIAL DEMANDED]
                    Plaintiffs,
16                                           **BY FAX**
            vs.
17
    WAL-MART STORES, INC., a Delaware
18  corporation,

19
                    Defendant.
20

21                  **I. INTRODUCTION**

22    1.    California Civil Code section 1747.08 generally states that when a merchant is engaged in

23  a retail transaction with a customer, the merchant may neither (1) request personal identification

24  information from a customer paying for goods with a credit card, and then record that personal

25  identification information upon the credit card transaction form or otherwise; nor (2) require the

26  cardholder, as a condition to accepting the credit card as payment, to provide the customer's

27  personal identification information, which the retailer then causes to be written, or otherwise

28

Class Action Complaint                          1

records it upon the credit card transaction form or elsewhere.

2. Defendant operates retail stores throughout the United States, including California. Defendant is utilizing a policy whereby Defendant's cashiers both request and record credit card numbers and personal identification information ("PII") from customers using credit cards at the point-of-sale in Defendant's retail establishments, in violation of California Civil Code section 1747.08. Defendant's acts and practices as described herein were at all times intentional.

3. Plaintiff is informed and believes, and thereon alleges, that Defendant uses PII obtained from the cardholder to acquire additional personal information, including the cardholder's physical residential address, by pairing the PII with the cardholder's name obtained from the credit card. Such conduct is performed intentionally and without the knowledge or consent of the cardholder, and is of potentially great benefit to the Defendant.

4. Plaintiff does not seek any relief greater than or different from the relief sought for the Class of which Plaintiff is a member. If successful, this action will enforce an important right affecting the public interest and will confer significant benefits, both pecuniary and non-pecuniary, on a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction over all the state claims under the Class Action Fairness Act, 28 U.S.C. §1332(d), because, Plaintiff is informed and believes, and thereon alleges, that the combined claims of proposed class members exceed $5,000,000 exclusive of interest and costs, and the parties are citizens of diverse jurisdictions.

6. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2), because Defendant conducts business in the district, is subject to personal jurisdiction in the district, and a substantial part of the events giving rise to the claims occurred in the district.

### III. THE PARTIES

**A. Plaintiff**

7.      Plaintiff LOURDES R. LANDEROS (herein referred to as "Plaintiff) is a resident of Los Angeles County California, and entered into a retail transaction with Defendant at one of Defendant's California stores.

8.      Plaintiff brings this class action against Defendant, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class of persons hereinafter defined (herein referred to as the "Class").

**B. Defendant**

9.      Defendant WAL-MART STORES, INC. is a Delaware corporation (herein referred to as "Defendant"). Plaintiff is informed and believes, and thereon alleges, that Defendant's principal place of business is located in Arkansas. Defendant operates retail stores throughout California, including stores in Los Angeles County.

### IV. CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW

**A. Plaintiff's Contact with Defendant**

10.      Within the last 12 months, Plaintiff went to Defendant's retail store located in Los Angeles County, California.

11.      Plaintiff entered Defendant's store and proceeded to select a product that Plaintiff intended to purchase from the store.

12.      After selecting an item, Plaintiff proceeded to the cashiers' section of Defendant's store to pay for the item selected through the use of a credit card.

13.      Defendant's employee saw that Plaintiff had selected products that Plaintiff wished to purchase from Defendant and, as part of Defendant's uniform policy, then requested personal identification information from Plaintiff, without informing Plaintiff of the consequences if

Class Action Complaint                    3

Plaintiff did not provide Defendant's employee with Plaintiff's personal identification information.

14.     Plaintiff, believing that she was required to provide her personal identification information to complete the transaction, told Defendant's employee Plaintiff's personal identification information.

15.     Defendant's employee then typed and recorded Plaintiff's personal identification information into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff.

16.     Defendant's employee informed Plaintiff of the amounts due to Defendant for the products Plaintiff had selected. Plaintiff then utilized a credit card to complete the transaction. At this point in the transaction, Defendant had Plaintiff's credit card number, name and personal identification information recorded in its databases.

17.     Defendant's employee made no attempt to erase, strikeout, eliminate, or otherwise delete Plaintiff's personal identification information from the electronic cash register after Plaintiff's credit card number was recorded.

18.     Defendant's employee and Plaintiff completed the transaction and Plaintiff left Defendant's store with her purchased items.

## V. PLAINTIFF'S CLASS ACTION ALLEGATIONS

19.     The proposed Class is defined as: all persons in California from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction within one (1) year of the filing of this case, or any other case in which Plaintiff is a member of a proposed class (the "Class"). Excluded from the Class are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded

persons or entities.

20.     The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant and its agents.

21.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote, and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Prosecuting hundreds of identical, individual lawsuits statewide does not promote judicial efficiency or equity and consistency in judicial results. Relief concerning Plaintiff's rights under the law alleged herein and with respect to the Class as a whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

22.     There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

23.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

      a.  whether each Class member engaged in a credit card transaction with Defendant;

      b. whether Defendant requested the cardholder to provide personal identification information and recorded the personal identification of the cardholder, during credit card transactions with Class members;

Class Action Complaint          5

c. whether Defendant's conduct of requesting the cardholder to provide personal identification information during credit card transactions and recording the personal identification information of the cardholder constitutes violations of California Civil Code section 1747.08;

d. whether Plaintiff and the Class are entitled to injunctive relief; and

e. whether Plaintiff and the Class have sustained damages, and the proper measure of damages.

24.    Plaintiff's claims are typical of those of the other Class members because Plaintiff and every other Class member was exposed to virtually identical conduct, and each is entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

25.    Plaintiff can fairly and adequately represent the interests of the Class; she has no conflicts of interest with other Class members, and she has retained counsel competent and experienced in class action and civil litigation.

**FIRST CAUSE OF ACTION: VIOLATIONS OF CALIFORNIA CIVIL CODE § 1747.08 [SONG-BEVERLY CREDIT CARD ACT OF 1971]**

26.    Plaintiff refers to and incorporates by reference as though set forth fully herein paragraphs 1 through 25 of this Complaint.

27.    California Civil Code section 1747.08 prohibits any corporation that accepts credit cards for the transaction of business from requesting the cardholder to provide personal identification information, which the corporation then records in conjunction with a credit card transaction.

28.    Defendant is a corporation that accepts credit cards for the transaction of business.

29.    During credit card transactions entered into at Defendant's stores on each and every day during the one-year period preceding the filing of this Class Action Complaint through the present, Defendant utilized, and continues to utilize, a policy whereby Defendant's cashiers both request and record personal identification information and credit card numbers from customers

using credit cards at the point-of-sale in Defendant's retail establishments.

30.     It is and was Defendant's routine business practice to intentionally engage in the conduct described in this cause of action with respect to every person who, while using a credit card, purchases any product from any of Defendant's stores in the State of California.

31.     Due to Defendant's violations as set forth herein, Plaintiff and the Class are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

## PRAYER FOR RELIEF

WHEREFORE PLAINTIFF AND THE CLASS PRAY for judgment against Defendant as follows:

1.     For an award to Plaintiff and to each member of the Class of the civil penalty to which he or she is entitled under California Civil Code section 1747.08(e);

2.     That the Court preliminarily and permanently enjoin Defendant from utilizing a policy whereby Defendant's cashiers both request and record personal identification information and credit card numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments;

3.     That the Court certifies this action as a class action;

4.     For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

5.     For costs of the suit;

6.     For prejudgment interest at the legal rate; and

7.     For such other relief as the Court may deem just and proper.

Class Action Complaint

Dated: Feb. 23, 2011

HOFFMAN & LAZEAR

By _____
H. TIM HOFFMAN
Attorney for Plaintiffs

Name & Address:
H. Tim Hoffman (S.B.N. 049141)
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, CA 94612

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| LOURDES R. LANDEROS, individually and on behalf of all others similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware corporation,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV11-01635 JSL (VTWx)<br><br><br>SUMMONS |
|---|---|

TO:   DEFENDANT(S): Wal-Mart Stores, Inc., 702 SW 8th St., Dept. 8687, M.S. #0555, Bentonville, AR 72716

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, H. Tim Hoffman _____, whose address is Hoffman & Lazear, 180 Grand Ave., Ste. 1550, Oakland, CA 94612 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   FEB 2 4 2011 _____          JULIE PRADO
                                            By: _____
                                                Deputy Clerk

                                            (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge J. Spencer Letts and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV11- 1635 JSL (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
   **312 N. Spring St., Rm. G-8**
   **Los Angeles, CA 90012**

[ ] **Southern Division**
   **411 West Fourth St., Rm. 1-053**
   **Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
   **3470 Twelfth St., Rm. 134**
   **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**PY FAX**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Lourdes R. Landeros | Wal-Mart Stores, Inc., a Delaware corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| HOFFMAN & LAZEAR, 180 Grand Ave., Ste. 1550, Oakland, CA 94612 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☑5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No   ☑ MONEY DEMANDED IN COMPLAINT: $ more than 5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class action asserting cause of action for violation of California Civil Code section 1747.08, filed under 28 U.S.C. §1332(d).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☑ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

# CV11-01635

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date  2-23-11

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |